complaint. *Miller v. City of Ellisville*, No. 4:05–CV–1774 (E.D.Mo. July 6, 2005). The underlying matter involved alleged civil rights violations. The appeal is not within this court's limited jurisdiction. *See* 28 U.S.C. § 1295.

In 05–1499, Miller appeals from an order of the United States Bankruptcy Court for the Eastern District of Missouri closing the file in *Archay Financial Corp. v. General Motors Corp.*, No. 05–00402–172 (Bankr.E.D.Mo. July 6, 2005). Miller was not a party in the bankruptcy proceedings and does not have standing to appeal.

In 05–1549, Miller appeals from an order of the United States District Court for the Eastern District of Missouri dismissing his complaint. *Miller v. City of Saint Louis, Mo.*, No. 4:05–CV–544 (E.D.Mo. Aug. 22, 2005). The underlying matter involved a request to remove a case involving civil rights claims to federal court. The appeal is not within this court's limited jurisdiction. *See* 28 U.S.C. § 1295.

The usual course when a notice of appeal is misdirected to this court is to transfer the appeal to the regional circuit, in this case the United States Court of Appeals for the Eighth Circuit, pursuant to 28 U.S.C. § 1631. However, it has come to the court's attention that the Eighth Circuit has barred Miller from making further filings. *See Miller v. Missouri Sup.Ct.*, No. 03–3767 (8th Cir. Jan. 14, 2004) ("It is further ordered that appellant is barred from making any further filings in this court, either in this or any other case").

None of these eight appeals is within the court's jurisdiction. Further, we note that we recently dismissed two other appeals filed by Miller because they were not within the court's jurisdiction. *See Miller v. Miller–Fitzgibbons*, No. 05–1234 (Fed. Cir. July 5, 2005) (dismissing appeal concerning child custody and alleged civil rights violations for lack of jurisdiction); *Miller v.*

*Ballwin Police Dept.*, 140 Fed.Appx. 949 (Fed.Cir.2005) (dismissing appeal concerning alleged civil rights violations for lack of jurisdiction). Therefore, any future appeals filed by Miller will be reviewed and, if they do not fall within the court's jurisdiction, will be returned to Miller without docketing.

Accordingly,

IT IS ORDERED THAT:

(1) The appeals are dismissed.

(2) All pending motions are moot.

(3) Any future appeals filed by Miller will be reviewed and, if they do not fall within the court's jurisdiction, will be returned to Miller without docketing.

(4) All sides shall bear their own costs.

**Rufino D. QUILALANG, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 05–3147.

United States Court of Appeals, Federal Circuit.

Sept. 28, 2005.

Rufino D. Quilalang, pro se.

## ORDER

The petitioner having failed to file the brief required by Federal Circuit Rule 31(a) within the time permitted by the rules, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**David L. ODOM, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 05–3214.**

United States Court of Appeals, Federal Circuit.

Sept. 28, 2005.

David L. Odom, pro se.

## ORDER

The petitioner having failed to file the brief required by Federal Circuit Rule 31(a) within the time permitted by the rules, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

**Robert F. STONE, Petitioner,**

v.

**DEPARTMENT OF LABOR, Respondent.**

**No. 05–3259.**

United States Court of Appeals, Federal Circuit.

Sept. 28, 2005.

Robert F. Stone, pro se.

## *ORDER*

Robert F. Stone moves without opposition to withdraw his petition for review. The court treats this as a motion pursuant to Fed. R.App. P. 42(b).

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) Each side shall bear its own costs.